IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORETTA DELEON-MARES and MARC MARES,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, LLC, d/b/a HARRAH'S METROPOLIS CASINO, and HARRAH'S METROPOLIS, LLC,<br><br>    Defendants. | Case No. 22-CV-00262-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Loretta Deleon-Mares and Marc Mares ("Plaintiffs") filed this premises liability and negligent supervision action against Southern Illinois Riverboat/Casino Cruises, LLC and Harrah's Metropolis, LLC ("Defendants"). Pending before the Court is Defendants' Joint Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 27) and a memorandum in support of dismissal. (Doc. 28). For the reasons set forth below, the Motion is granted.

### FACTUAL & PROCEDURAL BACKGROUND

  Plaintiffs originally filed a complaint alleging four counts of negligence under a theory of premises liability. (Doc. 1). In their Amended Complaint, Plaintiffs added four counts for negligent supervision. (Doc. 26). The following facts are taken from Plaintiffs' Amended Complaint and the Court views them as true for the purposes of this Motion, unless otherwise stated. On May 16, 2021, Deleon-Mares and Mares

entered Harrah's Metropolis Casino to gamble. (Doc. 26, p. 2). Deleon-Mares was served multiple drinks by Defendants and became inebriated to the point that she was unable to walk back to her room without assistance. *Id* at 7. Seeing this, Defendants' employee undertook the responsibility of walking Deleon-Mares back to her room. *Id*. Deleon-Mares fell because of a "defective condition" on the floor, and Defendants' employee allowed or caused her to fall. *Id* at 2.

As a result of the fall, Deleon-Mares suffered a broken fibula, and experienced further injuries including spasms, strains, contusions, and compression of nerves. *Id* at 3. Deleon-Mares required medical treatment and will require further treatment in the future. *Id*. She has lost wages and has disability and disfigurement because of her injury. *Id*. Because of Deleon-Mares' injuries, Mares suffered from loss of consortium. *Id* at 10, 12, 15, 17.

## LEGAL STANDARD

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitle to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). This standard does not require that the alleged action be probable but does require more than a mere possibility of unlawful action. *Twombly*, 550 U.S. at 556-58. In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable

inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and are not entitled to the assumption of truth. *Iqbal*, 566 U.S. at 663-64.

## ANALYSIS

Defendants argue that the Complaint should be dismissed because Plaintiffs pleaded insufficient facts to state a claim for their premises liability actions. They also argue that Plaintiffs' claims for negligent supervision are barred by the Illinois Dramshop Act, § 235 ILCS 5/6-21 (2014) ("Dramshop Act").

### I.    Counts I, II, V, and VI: Plaintiffs' Claims for Premises Liability

To recover in a premises-liability case in the state of Illinois, a plaintiff must prove that:

> (1) A condition on the property presented an unreasonable risk of harm to people on the property;
> (2) The defendant knew or in the exercise of ordinary care should have known of both the condition and the risk;
> (3) The defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger;
> (4) The defendant was negligent in one or more ways;
> (5) The plaintiff was injured; and
> (6) The defendant's negligence was a proximate cause of the plaintiff's injury.

*Hope v. Hope*, 924 N.E.2d 581, 584 (2010). Plaintiffs in this case alleged that the "defective condition on the floor existed for a sufficient amount of time," and that "Defendant carelessly and negligently allowed the aforementioned dangerous condition on the floor to exist on the property." (Doc 26). Plaintiffs do not provide any additional information about the so-called "defective condition."

These allegations are nothing more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," and the Court is not required to accept these statements as true. *Iqbal,* 566 U.S. 663. Plaintiffs did not establish enough factual grounding to meet the plausibility requirement. *See Davis v. KCI Constr.*, No. 20-CV-1266-RJD, 2021 WL 171037, at *2 (S.D. Ill. Jan. 19, 2021) (Finding allegations of dangerous condition on bridge insufficient to support negligence claim). Defendants further argue that Plaintiffs are unable to prove proximate cause because of Deleon-Mares' inebriation. A plaintiff's inebriation is not sufficient to create a bar for recovery when a defendant is negligent regarding a risk on its property. *Simmons v. Homatas*, 925 N.E.2d 1089, 1098 (Ill. 2010). Thus, inebriation may be relevant in a proximate cause analysis, but Plaintiffs may still be able to properly plead proximate cause. This point is moot, however, given the insufficient factual allegations.

## II. Counts III, IV, VII, and VIII: Plaintiffs' Claims for Negligent Supervision

To establish a claim for negligent supervision In Illinois, a plaintiff must show that the defendant had a duty to supervise the harming party, the defendant breached their duty by failing to supervise the harming party, and the defendant's negligence proximately caused the plaintiff's injuries. *Doe v. Coe*, 2019 IL 123521, ¶¶ 49-51; 135 N.E.3d 1, 15. An employer has a general duty to supervise employees and ensure that they are acting appropriately and within the scope of their employment. *See Hills v. Bridgeview Little League Ass'n*, 745 N.E.2d 1166, 1181-82 (Ill. 2000). To make a claim for negligent supervision, a plaintiff need only show that the employee's action is "generally foreseeable." *Doe,* 135 N.E.3d at 16. A plaintiff can establish proximate

cause by showing that the employee intentionally caused the harm or that the employee "conduct[ed] himself as to create an unreasonable risk of bodily harm to them." *Hills*, 745 N.E.2d at 1179 (quoting Restatement (Second) of Torts § 317 (1965)).

Defendants argue that Plaintiffs' negligent supervision claims are barred by the Dramshop Act, because the Act preempted the field of alcohol related liability and prevents individuals from recovering for injuries inflicted upon themselves. Defendants are correct that the Dramshop Act created a general rule against finding social host liability for the furnishing of alcohol. *Charles v. Siegfried,* 651 N.E.2d 154 (Ill. 1995). However, the Dramshop Act does not prevent liability for those that voluntarily undertake caring for an individual. *See Wakulich v. Mraz*, 785 N.E.2d 843, 854-57 (Ill. 2003). Once a defendant *voluntarily* decides to care for an individual, they are under a duty to exercise reasonable care in their undertaking. *Id.*

Here, voluntary undertaking is the key question. Plaintiffs allege that Defendants' employee voluntarily undertook the responsibility of taking Deleon-Mares back to her room. (Doc. 26). As employers, Defendants had a general duty to supervise this employee. However, there are no factual allegations that support the assertion that the employee's negligence proximately caused Deleon-Mare's injury. In *Wakulich*, the plaintiff was an unconscious minor who was served alcohol by the defendants. 785 N.E.2d at 854. The defendants proximately caused plaintiff's injury because they placed her in the living room, failed to call medical services, checked on her periodically, and in fact prevented others from intervening and assisting the plaintiff. *Id.* Here, Deleon-Mares was an adult woman who was not inebriated to the point of unconsciousness. Plaintiffs list several actions that Defendants could have taken, but

do not assert that the employee prevented her from getting help from others or in any way created an unreasonable risk of Deleon-Mares falling and injuring herself. Integral here as well, Plaintiffs also do not provide any additional information about the so-called "defective condition." Without more descriptive allegations regarding the defect, it is pure speculation that the employee could have or should have led her away from it or taken other steps to avoid it presenting a hazard to Deleon-Mares.

## CONCLUSION

For the reasons set forth above, Defendants' Joint Motion to Dismiss (Doc. 27) is **GRANTED**. All Counts are **DISMISSED without prejudice**. Plaintiffs may file an amended complaint on or before December 8, 2022, if they can properly allege a claim for premises liability or negligent supervision.

**IT IS SO ORDERED.**

**DATED: December 1, 2022**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**